## IN RE: RULE 2, RULES of APPELLATE PROCEDURE—CRIMINAL

Supreme Court of Arkansas
Delivered June 24, 1999

P ER CURIAM. Rule 2 of the Rules of Appellate Procedure—Criminal is being amended to incorporate a recent change in the comparable provision of the civil appellate rules. Subsection (b)(1) is amended to provide that a premature notice of appeal is to be treated as if it had been filed after entry of the judgment, decree, or order. Previously, such a notice was ineffective. For additional explanation concerning the changes, refer to the Reporter's Notes at the conclusion of the amended rule.

Below, subsections (a) and (b) are published with the changes highlighted for ease of reference. Then the rule as amended is republished in its entirety. This amendment is effective immediately.

*[Highlighted changes to the rule]*

### Rule 2. TIME AND METHOD OF TAKING APPEAL

(a) **Notice of Appeal.** Within thirty (30) days from

(1) the date of entry of a judgment, or

(2) the date of entry of an order denying a post-trial motion under Ark. R. Crim. P. 33.3, or

(3) the date a post-trial motion under Ark. R. Crim. P. 33.3 is deemed denied pursuant to ~~RAP—Civ 4 (c)~~ *subsection (b)(1) of this rule,* or

(4) the date of entry of an order denying a petition for postconviction relief under Ark. R. Crim. P. 37, the person desiring to appeal the judgment or order or both shall file with the trial court a notice of appeal identifying the parties taking the appeal and the judgment or order or both *being* appealed. The notice

shall also state whether the appeal is to the Court of Appeals or to the Supreme Court; and if to the Supreme Court, the appellant shall designate the applicable subdivision of Supreme Court Rule 1-2 (a) which gives the Supreme Court jurisdiction. This declaration shall be for the purpose of placing the case with one court or the other for preliminary administration. It shall not preclude the appellant from filing his or her Brief pursuant to Supreme Court Rules 4-3 and 4-4 in the alternative court if that is later determined by the appellant to be appropriate.

(b) **Time for Filing**. *(1) A notice of appeal filed after the trial court announces a decision but before the entry of the judgment or order shall be treated as filed on the day after the judgment or order is entered.* ~~A notice of appeal is invalid if filed at any time prior to the day that the judgment or order appealed from is entered or prior to the day that a post-trial motion is deemed denied except as provided herein. If a notice of appeal is filed on the same day that the judgment or order appealed from is entered or on the day that a post-trial motion is deemed denied, the notice of appeal shall be effective. A notice of appeal filed within thirty (30) days of entry of the judgment of conviction shall be effective to appeal the judgment, even if a post-trial motion is subsequently filed. If a post-trial motion is filed after the notice of appeal, it shall not be necessary, to preserve the appeal of the judgment of conviction, to file another notice of appeal of the judgment. If an appellant wishes to appeal an adverse ruling on a post-trial motion and the appellant has previously filed a notice of appeal of the judgment, the appellant must file a notice of appeal regarding the ruling on the motion within the time provided in subpart (a)(2) or (3) hereof.~~

*Upon timely filing in the trial court of a post-trial motion, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.*

*(2) A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with subsection (a) of this rule. No additional fees will be required for filing an amended notice of appeal.*

. . . .

*[Rule, as amended, in its entirety]*

## Rule 2. TIME AND METHOD OF TAKING APPEAL

(a) **Notice of Appeal.** Within thirty (30) days from

(1) the date of entry of a judgment, or

(2) the date of entry of an order denying a post-trial motion under Ark. R. Crim. P. 33.3, or

(3) the date a post-trial motion under Ark. R. Crim. P. 33.3 is deemed denied pursuant to subsection (b)(1) of this rule, or

(4) the date of entry of an order denying a petition for postconviction relief under Ark. R. Crim. P. 37, the person desiring to appeal the judgment or order or both shall file with the trial court a notice of appeal identifying the parties taking the appeal and the judgment or order or both being appealed. The notice shall also state whether the appeal is to the Court of Appeals or to the Supreme Court; and if to the Supreme Court, the appellant shall designate the applicable subdivision of Supreme Court Rule 1-2 (a) which gives the Supreme Court jurisdiction. This declaration shall be for the purpose of placing the case with one court or the other for preliminary administration. It shall not preclude the appellant from filing his or her Brief pursuant to Supreme Court Rules 4-3 and 4-4 in the alternative court if that is later determined by the appellant to be appropriate.

(b) **Time for Filing.** (1) A notice of appeal filed after the trial court announces a decision but before the entry of the judgment

or order shall be treated as filed on the day after the judgment or order is entered. Upon timely filing in the trial court of a post-trial motion, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the trial court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

(2) A notice of appeal filed before disposition of any post-trial motions shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with subsection (a) of this rule. No additional fees will be required for filing an amended notice of appeal.

(c) **Certificate That Transcript Ordered**. (1) If oral testimony or proceedings are designated, the notice of appeal shall include a certificate by the appealing party or his attorney that a transcript of the trial record has been ordered from the court reporter, and, except for good cause, that any financial arrangements required by the court reporter pursuant to Ark. Code Ann. § 16-13-510 (c) have been made. If the appealing party is unable to certify that financial arrangements have been made, then he shall attach to the notice of appeal an affidavit setting out the reason for his inability to so certify. A copy of the notice of appeal shall be mailed to the court reporter.

(2) Alternatively, the notice of appeal shall include a petition to obtain the record as a pauper if, for the purposes of the appeal, a transcript is deemed essential to resolve the issues on appeal.

(3) It shall not be necessary to file with either the notice of appeal or the designation of contents of record any portion of the reporter's transcript of the evidence of proceedings.

(d) **Notification of Parties**. Notification of the filing of the notice of appeal shall be given to all other parties or their representatives involved in the cause by mailing a copy of the notice of appeal to the parties or their representatives and to the Attorney General, but failure to give such notification shall not affect the validity of the appeal.

(e) **Failure to Pursue Appeal**. Failure of the appellant to take any further steps to secure the review of the appealed conviction shall not affect the validity of the appeal but shall be ground only for such action as the Supreme Court deems appropriate, which may include dismissal of the appeal. The Supreme Court may act upon and decide a case in which the notice of appeal was not given or the transcript of the trial record was not filed in the time prescribed, when a good reason for the omission is shown by affidavit. However, no motion for belated appeal shall be entertained by the Supreme Court unless application has been made to the Supreme Court within eighteen (18) months of the date of entry of judgment or entry of the order denying postconviction relief from which the appeal is taken. If no judgment of conviction was entered of record within ten (10) days of the date sentence was pronounced, application for belated appeal must be made within eighteen (18) months of the date sentence was pronounced.

(f) **Dismissal of Appeal**. If an appeal has not been docketed in the Supreme Court, the parties, with the approval of the trial court, may dismiss the appeal by stipulation filed in that court or that court may dismiss the appeal upon a motion and notice by the appellant.

**Reporter's Notes:** The rule has been revised to reconcile it with recent changes in the comparable Rule of Appellate Procedure—Civil, Rule 4.

Subdivision (a)(3) has been amended to reference (b)(1) of this rule which has been amended to incorporate the "deemed denied" language. Before this amendment, the rule merely referenced Rule 4(c) of the Rules of Appellate Procedure—Civil.

Subsection (b)(1) now provides that a premature notice of appeal is to be treated as if it had been filed after entry of the judgment, decree, or order. Previously, such a notice was ineffective. Additionally, the "deemed denied" language of Rule 4 of the Rules of Appellate Procedure—Civil is now contained in this rule so reference to the civil rules is no longer necessary.

Subdivision (b)(2) addresses the effect of post-trial motions on the timing of the notice of appeal. If there are multiple motions, the 30-day period for filing a notice of appeal begins to run from entry of the order disposing of "the last motion outstanding" or the date on which such motion is deemed denied by operation of law.

It further provides that a notice of appeal filed before disposition of a post-trial motion becomes effective on the day after a dispositive order is entered or the motion is deemed denied by operation of law pursuant to subsection (b)(1). The effect is to suspend a premature notice until the motion is ruled on or deemed denied, and a new notice is not necessary to appeal the underlying case. However, a party seeking to appeal from disposition of the post-trial motion must amend the original notice to so indicate. No additional fees are required in this situation, since the notice is an amendment of the original and not a new notice of appeal.

As directed in Rule 4 of the Rules of Appellate Procedure—Criminal, the time to file the record in a criminal case is governed by Rule 5 of the Rules of Appellate Procedure — Civil. Rule 5 provides that the record shall be filed and docketed "within 90 days from the filing of the first notice of appeal." In light of the change in subsection (b)(1) of Rule 2 to treat a premature notice of appeal as filed on the day after the judgment or order is entered, it is intended that the 90 days runs from the effective date of the

notice of appeal. Likewise, in other instances when the filing date of the notice of appeal is critical, it should run from the effective date of the notice.